## F. MONCALLO *v.* THE STATE.

PRACTICE.— A trial judge cannot too carefully abstain from communicating to the jury his opinion of the guilt or innocence of the accused. Expressions of the judge in the presence of the jury, if prejudicial to the accused and excepted to at the trial, are material error.

APPEAL from the District Court of Nueces. Tried below before the Hon. JOHN C. RUSSELL.

The conviction was for theft of two horses, the property of Juan Olivarez. A term of five years in the penitentiary was the punishment assessed.

The opinion discloses the facts relevant to the ruling. The explanation of the trial judge referred to in the opinion shows that the excluded witness, Marcelino Riche, was separately indicted for the same theft.

No brief for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WINKLER, J. It is shown by bill of exceptions that when the defendant proposed the testimony of one Marcelino Riche, in ruling on the admissibility of the testimony the court said: "Where the evidence so clearly shows a conspiracy between the proposed witness and the

defendant, the court is compelled to regard him as a principal offender, it having been shown that he acted together with the defendant on trial and one Gomez, in the commission of the offense charged, and for this reason the court cannot permit the said Riche to testify in behalf of defendant." The bill of exceptions further recites that all this was said in the hearing and in the presence of the jury, before they had retired to consider of their verdict; to which ruling and action of the court, and the language of the court in presence of the jury, the defendant by his counsel excepted and tendered his bill of exceptions, and requested that it be signed by the judge as part of the record.

The judge, by an explanation made in connection with the bill of exceptions, seems to show that in so far as the ruling upon the evidence is concerned it was correct. This, however, does not appear to be the objection to the action of the court, but rather that the exceptions taken were to the conduct and language of the court in the presence and hearing of the jury, while they were in charge of the case and before they had returned a verdict. The objection to this course by the court must be apparent. To our minds, the language of the judge was well calculated to prejudice the jury as to the defendant. A trial judge cannot be too careful in avoiding to make any expression, or in any manner convey to the jury, what may be the opinion of the judge as to whether the accused be guilty or not. *Copeney* v. *State*, 10 Texas Ct. App. 473. The language attributed to the judge by the bill of exceptions, we think, very plainly indicated to the jury that in the opinion of the judge, not only the proffered witness and Gomez, but also the defendant then on trial, were all guilty of the theft charged against the defendant, and were all principal offenders.

Other errors, if any there be, will be easily corrected on a new trial, and may not even arise on another trial.

Because of error in the court in making the remarks set out in the bill of exceptions, and which were well calculated to influence the jury prejudicially to the defendant, the judgment is reversed and the cause remanded.

*Reversed and remanded.*